856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peggy SCHOENHOFER, Plaintiff-Appellant,
v.
John SHOEMAKER, et al., Defendants-Appellees.
 No. 88-3024.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals the order granting summary judgment to the defendants and dismissing this civil rights action. The defendants now move to dismiss this appeal on grounds that plaintiff's appeal is barred by the waiver provision of the Ohio Court of Claims Act, O.R.C. Sec. 2743.02(A)(1), by virtue of her filing an essentially identical complaint with the Ohio Court of Claims seeking relief for the same actions asserted herein. The plaintiff opposes the motion.
 
 
 2
 The plaintiff instituted this civil rights action pursuant to 42 U.S.C. Sec. 1983 seeking damages from officers of the Ohio Parole Board for allegedly divulging to a paroled felon the contents of letters written by the plaintiff to the Ohio Parole Board expressing her concerns regarding that felon's possible release. The defendants' motion for summary judgment was granted and this action was dismissed on December 9, 1987. The plaintiff filed a notice of appeal on January 6, 1988. Subsequently, on March 9, 1988, the plaintiff filed an action with the Ohio Court of Claims against the State of Ohio and various state parole agencies seeking state remedies for the same alleged actions by the Ohio parole authorities.
 
 
 3
 The waiver provision of the Ohio Court of Claims Act, O.R.C. Sec. 2743.02(A)(1), provides in pertinent part, "... filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee." (Emphasis added). The Ohio waiver statute is a complete waiver which forecloses any other civil action for claims arising under 42 U.S.C. Sec. 1983 or under state law. Leaman v. Ohio Department of Mental Retardation & Development Disabilities, 825 F.2d 946 (6th Cir.1987) (en banc ), cert. denied, --- U.S. ---- 108 S.Ct. 2844 (1988). The plaintiff by filing virtually the same complaint in the Ohio Court of Claims has waived her cause of action in the instant case. Accordingly,
 
 
 4
 It is ORDERED that the motion to dismiss is granted.